USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/21/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAPIS DJEME,

                      Petitioner,

-v-

UNITED STATES OF AMERICA,

                      Respondent.
------------------------------------------------------------X

**DECISION AND ORDER**

16 Cv 5445 (RMB)
12 Cr 972 (RMB)

## I. Background

On April 29, 2014, Papis Djeme ("Petitioner" or "Djeme") pled guilty to conspiracy to import cocaine in violation of 21 U.S.C. § 960(b)(3). (See Transcript ("Tr."), dated Apr. 29, 2014.) The Court determined that Djeme's offense level was 37;[1] his Criminal History Category was I; and his sentencing Guidelines Range was 210 to 262 months.[2] (See Tr., dated Sept. 3, 2014, at 7.) On September 3, 2014, Djeme was sentenced to 78 months of imprisonment (or 132 months less than the lowest end of his Guidelines Range) followed by a term of three (3) years of supervised release. (See Judgment and Commitment Order, dated Sept. 3, 2014, at 2-3.)

By Petition, dated June 23, 2016, and Reply dated March 10, 2017, Petitioner, proceeding pro se, has sought to vacate his conviction, presumably pursuant to 28 U.S.C. § 2255 ("2255 Petition" and "2255 Reply", respectively). Petitioner argues that his "2-level enhancement for firearms possession does not, post-Johnson [Johnson v. United States, 135 S.Ct. 2551 (2015)],

---

[1] The offense level was calculated as follows: base offense level 38 plus two level enhancement because the defendant possessed a firearm minus three levels for acceptance of responsibility.

[2] The Court noted that there was a 20 year statutory maximum so that Defendant's Guidelines Range became 210-240 months.

1

qualify as a 'crime of violence.' Therefore, Petitioner is now innocent of the offense, and his conviction is void." (Petition at 2.)

On October 6, 2016, the Government submitted a letter ("Govt Opp'n") opposing Djeme's Petition, and arguing that "*Johnson* has no impact whatsoever on Djeme's guidelines calculation or sentence. According[ly] the Petition should be denied." (Govt Opp'n at 1.) The Government points out that: "In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), which defined 'crime of violence' to include any crime that 'otherwise involves conduct that presents a serious potential risk of physical injury to another,' violated the Fifth Amendment because it was impermissibly vague. Djeme was not charged with violating 18 U.S.C. § 924(e)(2)(B), nor was his sentencing guidelines calculation impacted by any prior convictions for crimes of violence." (Govt Opp'n at 1.)

On October 12, 2016, Lawrence Bader, CJA counsel for Djeme in the underlying proceeding, submitted a letter stating: "Upon reviewing Mr. Djeme's petition, at this time I am unable to advocate a position with respect to Mr. Djeme's petition that is consistent with my professional obligations."

**For the reasons set forth below, Djeme's Petition is respectfully denied.[3]**

## II. Legal Standard

"In general, a defendant's knowing and voluntary waiver of his right to appeal a sentence within [or below] an agreed guideline range is enforceable." United States v. Rosa, 123 F.3d 94, 97 (2d Cir. 1997). The waiver may include both the right to a direct appeal and the right to bring

---

[3] Any arguments raised by the parties but not specifically addressed herein have been considered and rejected by the Court.

2

a collateral attack under 28 U. S. C. § 2255. See Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) ("We have long enforced waivers of direct appeal rights in plea agreements, even though the grounds for appeal arose after the plea agreement was entered into . . . The reasons for enforcing waivers of direct appeal in such cases lead us to the same conclusion as to waivers of collateral attack under § 2255.")

Collateral relief under 28 U.S.C. § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

"[T]he submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted).

## III. Analysis

Petitioner unequivocally waived his right to file this Petition. Petitioner pled guilty pursuant to a plea agreement, dated April 18, 2014 ("Plea Agreement"). In his plea agreement, Djeme agreed to several waivers of appeal, including the following: "It is agreed that (1) the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c) of any sentence within or below the Stipulated Guidelines Range of 210 to 262 months' imprisonment." (Plea Agreement at 4.) See also, Tr., dated Apr. 29, 2014 at 18:15-25, 19:1-6, for the following colloquy:

COURT: This plea agreement also contains what's called a waiver by Mr. Djeme of the right to appeal in this case. It says he agrees and waives his right to file a direct appeal and he also

waives his right to bring what's called a collateral challenge, which includes but is not limited to applications under 28 United States Code Sections 2255 and/or 2241. The plea agreement also includes a waiver of Mr. Djeme's right to seek a sentence modification pursuant to 18 United States Code Section 3582(c ). These waivers apply as long as I sentence either within or below the stipulated guideline range of 210 to 262 months. Ms. Hector, did I get that right?

AUSA HECTOR: Yes, your Honor.

COURT: [Defense counsel] Bader.

MR. BADER: Yes, your Honor.

COURT: Do you [Mr. Djeme] understand that also?

DEFENDANT DJEME: Yes, sir.

The Court found that the plea, including the waivers of appeal rights by Djeme, were knowingly and voluntarily made. See Tr., dated Apr. 29, 2014 at 22:22-25, 23:1-9, for the following finding:

COURT: It is the finding of this Court that . . . the defendant, is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of his guilty plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis which, in fact, supports each of the essential elements of the offense. It is the further finding of the Court that the defendant, Mr. Djeme, is fully aware of the potential consequences that result from his waiving his appeal rights, and that he has done that as well; that is to say, waive[d] his appeal rights, as reflected in the plea agreement [and] in my summary a few minutes ago, both knowingly and voluntarily.

Petitioner's knowing and voluntary waiver of his right to appeal is enforceable and is a bar to this Petition. See United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir.) (per curiam), cert. denied, 509 U.S. 931 (1993) ("In no circumstance, however, may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and resulting agreement meaningless.")

Assuming arguendo, that Petitioner had not waived his right to appeal (which he has done), the Petition would likely fail because, among other reasons, "the advisory Sentencing

4

Guidelines are not subject to a vagueness challenge under the Due Process Clause . . . ." Beckles v. United States, 137 S. Ct. 886, 895 (2017). See also Ortuna-Herrera v. United States, 2017 WL 2901707, at *1 (N.D. Ga. Mar. 21, 2017) (where there is "no crime of violence involved in the movant's sentence . . . , Johnson and its progeny do not apply to the movant.").

## IV. Certificate of Appealability

The Court declines to grant Petitioner a certificate of appealability as Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253.

## V. Conclusion and Order

For the reasons stated herein, the Petition [#1 in 17 Cv 5445 and #70 in 12 Cr 972] is denied. The Clerk of the Court is respectfully requested to close these cases.

Dated: New York, New York
June 21, 2018

**RICHARD M. BERMAN, U.S.D.J.**